UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTON L. TAYLOR,<br><br>       Plaintiff,<br><br>   v.<br><br>HARISHKUMAR PATEL, et al.,<br><br>       Defendants. | CASE NO. 1:14-cv-01754(PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Delton Taylor, is a state prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in this action. Plaintiff's complaint is before the court for screening.

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. PLAINTIFF'S ALLEGATIONS**

Plaintiff's claims can be summarized essentially as follows:

Plaintiff, now incarcerated at Centinela State Prison, has had steadily worsening lower back problems since at least 2010. Medical records included with his complaint show that prison doctors at Kern Valley State Prison identified "disc trauma" including edema, hematoma, and "acute and chronic" disc protrusion at the L-4 and L-5 vertebrae in January 2010. In November 2013, Dr. Goller at Wasco State Prison observed "severe degenerative changes" at L4-5 and L5-S1, and "mild degenerative changes" at L3-4. In April 2014, Dr. Waters at Centinela State Prison observed "severe lower lumbar disc degenerative and facet degenerative changes at L4-S1, and "mild to moderate L2-3 and L3-4 disc degenerative disease."

Plaintiff had MRIs taken in May and August of 2014 at outside medical facilities, with a Dr. Wilson concluding in May that Plaintiff had a herniated disc and stenosis, and a Dr. Yoo concluding in August that Plaintiff had severe degenerative joint disease and possible discitis or osteomyelitis. Yoo recommended that Plaintiff be biopsied to determine the cause of his inflammation. He also discussed with Plaintiff the possibility of back surgery, specifically lumbar fusion. He noted that Plaintiff had already undergone "some sort of surgery" at some point in the past.

Throughout these medical appointments, Plaintiff has consistently complained of severe back pain. His records indicate that he has been prescribed several opioid painkillers, including morphine and tramadol.

Plaintiff's claims do not arise out of any of the procedures detailed above, but instead out of his treatment at Wasco by Drs. Patel and Le.  He alleges that he made "several requests" at unspecified dates to Dr. Patel "about the pain and discomfort [he] was having with [his] lower back."  Dr. Patel, however, refused to look at Plaintiff's medical records, told Plaintiff his X-Ray showed nothing was wrong with his back, and took him off of pain medication for over a month.  According to Plaintiff, Patel's care (or lack thereof) "led to an operation and over two months in the hospital."

On February 7, 2014, Plaintiff was seen by Dr. Le.  Dr. Le also refused to look at Plaintiff's medical records, to order an MRI, or to refer Plaintiff to a spine specialist.  Dr. Le was also apparently skeptical of Plaintiff's complaints of pain.

Plaintiff does not specify whether he saw Dr. Le before or after seeing Dr. Patel, or whether he saw either of them in conjunction with visits with other doctors at Wasco. Plaintiff has not included the records of his requests to see either doctor, nor has he included the records of his appointments with them.

Plaintiff requests the appointment of counsel and $2.5 million in damages.

**III. ANALYSIS**

Plaintiff attempts to allege Eighth Amendment medical indifference claims against Defendants Patel and Le. He claims both doctors acted with deliberate indifference when they ignored his medical history and refused his requests for an MRI and to be referred to a spine specialist.  He additionally claims Defendant Patel showed deliberate indifference by misreading Plaintiff's X-ray and taking him off pain medication for a month and a half.

**A.  Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights,

3

privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**B. Medical Indifference**

The Eighth Amendment of the United States Constitution entitles prisoners to medical care, and a prison official violates the Amendment when he acts with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104(1976); Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014); Wilhelm v. Rotman,

4

680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081 (citing Jett, 439 F.3d at 1096). Examples of a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

A prison official shows deliberate indifference to such a need if he "knows of and disregards an excessive risk to inmate health." Peralta, 744 F.3d at 1082 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "requires more than ordinary lack of due care." Colwell, 763 F.3d at 1066 (citing Farmer, 511 U.S. at 835). Instead, the prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Colwell, 763 F.3d at 1066. Prison officials may demonstrate deliberate indifference when they "deny, delay, or intentionally interfere with medical treatment," and prison doctors can be deliberately indifferent in their provision of care. Id.

A prison doctor's provision of care constitutes medical indifference where the doctor ignores a previous treating physician's instructions, knows that a course of treatment was ineffective but continued it anyway, or delays necessary treatment without justification. See Jett v. Penner, 439 F.3d 1091, 1097-1098 (9th Cir. 2006); Wakefield, 177 F.3d at 1165; Estate of Prasad ex rel. Prasad v. Cty. of Sutter, 958 F.Supp.2d 1101, 1112-1113 (E.D. Cal. 2013). In addition, staff physicians' unreasonable reliance on "their own non-specialized conclusions, instead of the recommendations of plaintiff's

5

treating specialists" can constitute deliberate indifference. Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014); Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012)(*overruled in part on other grounds*); Hamilton v. Endell, 981 F.2d 1062, 1067(9th Cir. 1992)(*overruled in part on other grounds)*.

Negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not amount to a constitutional violation. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008); see also Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014)(distinguishing plaintiff's long-uncorrected cataracts from "a case of ordinary medical mistake or negligence" and finding defendants deliberately indifferent).  Rather, "the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" Snow, 681 F.3d at 988 (9th Cir. 2012)(quoting Jackson, 90 F.3d at 332).

**1. Serious Medical Need**

Here, Plaintiff has met the first prong of the deliberate indifference test: he has alleged sufficient facts to establish that he had a serious medical need.  His records indicate that he suffers from longstanding, degenerative lower back conditions which cause chronic pain and necessitate treatment with strong opioid pain medications.  This reflects a serious medical condition.

**2. Deliberate Indifference**

However, Plaintiff has failed to allege sufficient facts for the court to determine whether he has stated a cognizable claim for deliberate medical indifference.  The

6

pleading is lacking in several respects.

First, because the Court cannot discern a coherent timeline of relevant events, it cannot tell what physicians knew when, or where, in the course of their respective treatment they may have exhibited indifference.  Plaintiff does not provide the dates of any appointments with Patel.   He mentions that he saw Le on February 7, 2014, but he does not say whether this appointment was isolated or part of a longer course of treatment.

Next, Plaintiff claims Defendants ignored his medical history, and refused to order MRIs or refer him to a spine specialist.  However, records included with the complaint show that Plaintiff was in fact referred for two MRIs in 2014 and seen by several outside spine doctors.  It is not clear if Plaintiff is alleging that these referrals should have been made earlier and, if so, when and why, or that he suffered adverse consequences as a result of any alleged delay.

Third, Plaintiff claims that Patel's deficient care led to a two-month stay in the hospital, but Plaintiff does not provide any factual support for this allegation, does not say when the stay took place, what brought him there, or what treatment or medical procedures he received there.

Finally, Plaintiff claims that Patel told him his X-Ray showed nothing wrong and took him off pain medication for a month and a half. Plaintiff does not set forth his basis for claiming this constituted deliberate indifference, rather than a difference in medical opinion, or what reasons atel gave for his decisions.  Nor does plaintiff provide a sequence of events to enable the Court to tell when the X-ray was taken (e.g. before or after surgery) or when Patel made his conclusions about Plaintiff's health.  Plaintiff's most recent records indicate that he was receiving pain medication as of August 2014.

7

Without more details regarding Defendants' course of treatment the Court cannot conclude that Plaintiff's Eighth Amendment rights were violated. The court will give Plaintiff leave to amend his complaint to include this information.

**C. Request for Counsel**

Plaintiff seeks the appointment of counsel in this action. However, there is no general constitutional right to effective assistance of counsel in civil cases. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998); White v. McGinnis, 903 F.2d 699, 700 n.3 (9th Cir. 1990). Nor is there a constitutional right to appointed counsel for § 1983 claims, specifically. Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). The Court may, in "exceptional circumstances," appoint counsel for an indigent civil rights litigant. Palmer v. Valdez , 560 F.3d 965, 970 (9th Cir. 2009); Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. To determine whether exceptional circumstances exist, the Court must evaluate both the likelihood of success on the merits and Plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). Id., at 970(citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The burden of demonstrating exceptional circumstances is on the Plaintiff. Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances");

8

Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

Here, Plaintiff has not demonstrated the existence of exceptional circumstances. At the screening stage, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The claims alleged do not appear to be novel or unduly complex. The facts alleged to date appear straightforward and unlikely to involve extensive investigation and discovery.  Moreover, the papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express them adequately in writing.  The Court does not find that Plaintiff cannot adequately articulate his claims. Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel. See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D.Cal. 2011) (cases cited).

For the foregoing reasons, Plaintiff's request for appointment of counsel is HEREBY DENIED, without prejudice.

**IV. CONCLUSION**

Plaintiff's complaint fails to plead sufficient facts to state Eighth Amendment claims for deliberate indifference to his medical needs against either Patel or Le. Therefore the Court dismisses Plaintiff's complaint against both defendants.

Plaintiff also fails to allege the exceptional circumstances justifying the appointment of counsel, so the court denies his request.

The Court grants Plaintiff the opportunity to correct the deficiencies analyzed above in an amended complaint.  See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he

may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaint).

An amended complaint would supersede the prior complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 f.2d 565, 567 (9th Cir. 1987). Thus, it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**V. ORDER**

It is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his Complaint, filed November 10, 2014;
2. Plaintiff's Complaint is dismissed;
3. Plaintiff shall file an amended complaint within thirty (30) days; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   January 29, 2015                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE