UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTON L. TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARISHKUMAR PATEL, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-01754-MJS (PC)<br><br>**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 13)** |

　　Plaintiff, Delton Taylor, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. Plaintiff's Eighth Amendment claims against Defendants Patel and Le were found to be cognizable on May 13, 2015 (ECF No. 10), although Defendants have yet to be served.

　　Before the Court is Plaintiff's motion for appointment of counsel. (ECF No. 13.) Plaintiff contends that "exceptional circumstances" exist: specifically, that the case involves complex legal issues, will require burdensome discovery, and that his own efforts to obtain counsel have proven fruitless.

**I.　LEGAL STANDARD**

　　Plaintiff does not have a constitutional right to effective assistance of counsel in civil cases. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) partially overruled on

other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998); White v. McGinnis, 903 F.2d 699, 700 n.3 (9th Cir. 1990). Nor is there a constitutional right to appointed counsel for § 1983 claims, specifically. Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). The Court may, in "exceptional circumstances," appoint counsel for an indigent civil rights litigant. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. To determine whether exceptional circumstances exist, the Court evaluates both the likelihood of success on the merits and Plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). Id., at 970(citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The burden of demonstrating exceptional circumstances is on Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

II.     **APPOINTMENT OF COUNSEL DENIED**

Here, Plaintiff has not demonstrated the existence of exceptional circumstances. At this early stage of the litigation, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Despite Plaintiff's assertions to the contrary, Plaintiff's

medical indifference claims do not appear to be novel or unduly complex.  The facts alleged to date appear straightforward.  Similarly, litigation of Plaintiff's claims, which are based on his own treatment history and medical records, would not appear to require "extensive investigation and discovery," as Plaintiff argues.  Plaintiff's pleadings in this case reflect an appreciation of the legal issues and standards and an ability to express them adequately in writing.  The Court does not find that Plaintiff cannot adequately articulate his claims.  Finally, although Plaintiff has indicated that he contacted four law firms to request assistance of counsel, he does not say when he contacted them or when or if he received a response.  His efforts to date do not demonstrate that further efforts to secure counsel would be futile.  See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D.Cal. 2011) (cases cited).

### III.    ORDER

Based on the foregoing, the Court HEREBY ORDERS that Plaintiff's motion for appointment of counsel, filed June 3, 2015 (ECF No. 13), be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   June 4, 2015              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE