UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTON L. TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>HARISHKUMAR PATEL, et al.,<br><br>    Defendants.<br>_____ | Case No.  1:14-cv-01754-DAD-MJS (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AS TO DISCOVERY AND DISPOSITIVE MOTION DEADLINES**<br><br>**(ECF Nos. 23 and 32)**<br><br>**MODIFIED SCHEDULING ORDER:**<br><br>Discovery Deadline: September 1, 2016<br>Dispositive Motion Deadline: November 8, 2016 |

**I.    INTRODUCTION**

Plaintiff Delton L. Taylor, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 10, 2014.  (ECF No. 1.) This action proceeds on Plaintiff's first amended complaint, filed on February 23, 2015, against Defendants Harishkumar Patel and Richard Le for medical indifference in violation of the Eighth Amendment of the United States Constitution.  (ECF No. 9.)

Pending before the Court is Defendants' May 24, 2016 motion for a ninety-day extension of the discovery deadline, to September 1, 2016, and a ninety-day extension of the pretrial motion deadline, to November 8, 2016.  (ECF No. 32.) As of July 6, 2016, Plaintiff had not filed an opposition.  The matter is submitted.  Local Rule 230(l).

## II.     BACKGROUND

Plaintiff filed his first amended complaint, on which this action proceeds, on February 23, 2015. (ECF No. 9.) On May 13, 2015, the Court issued a screening order finding cognizable Eighth Amendment claims against Defendants Patel and Le and directing Plaintiff to submit service documents for these two Defendants.  (ECF No. 10.) On September 28, 2015, Defendants filed an answer. (ECF No. 22.)  On September 30, 2015, the Court issued a scheduling order. (ECF No. 23.)  The order set a discovery deadline of May 30, 2016 and a dispositive motion deadline of August 8, 2016.

On October 1, 2015, Defendants propounded Requests for Production of Documents, Set One, to Plaintiff. Each Defendant also propounded Special Interrogatories, Set One, to Plaintiff.  (ECF No. 32-1, "Decl. Jennifer Marquez ¶ 2.") Plaintiff provided responses to each Defendant's special interrogatories and produced documents called for in Defendants' Request for Production of Documents, but to date has failed to provide the written response to each request for production required by FRCP 34(b)(2)(B).  Id. at ¶ 4.

On or about December 10, 2015, Defendants each propounded Special Interrogatories, Set Two to Plaintiff.  Id. at ¶ 7.  To date, Plaintiff has not responded. Id. On January 19, 2016, and February 12, 2016, Defendants sent Plaintiff a meet and confer letter regarding his failure to provide written responses to Defendants' production requests and Special Interrogatories, Set Two. Id. at ¶¶ 8, 9.  Plaintiff has failed to respond or provide the requested responses. Id. at ¶ 11.

Defendants filed a motion to compel discovery on May 11, 2016. (ECF No. 31.) Defendants contend they cannot be prepared to take Plaintiff's deposition until written discovery issues are resolved.  Decl. Jennifer Marquez ¶ 12.

### III. LEGAL STANDARD

The Court may modify its scheduling order upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). To establish good cause, the party seeking the modification of a scheduling order must generally show that despite exercising due diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern Cal. Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### IV. DISCUSSION

Defendants propounded both sets of their discovery requests within three months of the Court's original scheduling order, giving Plaintiff ample time to respond in full or state his objections. He has not done so, nor has he responded to Defendants' two efforts to meet and confer to try to resolve the discovery issues without Court intervention.

The Court has broad discretion in managing the pretrial phase of this litigation. Given the circumstances articulated in Defendants' motion, the Court finds that Defendants have exercised due diligence in attempting to resolve these issues within the time allowed. Fed. R. Civ. P. 16(b)(4); Zivkovic, 302 F.3d at 1087. Furthermore, there is no discernible prejudice to Plaintiff in granting Defendants' request. Accordingly, the Court finds good cause exists to extend the discovery and dispositive motion deadlines, and pursuant to Fed. R. Civ. P. 16, the following scheduling order shall apply:

1. The parties are ordered to complete all discovery, including filing any and all motions to compel, on or before **September 1, 2016**. If a discovery dispute arises, the parties are required, in good faith, to confer, or to attempt to confer, prior seeking court action. Fed. R. Civ. P. 26, 37.
2. All dispositive motions shall be filed on or before **November 8, 2016**.

**Plaintiff is advised that failure to respond to proper discovery requests may**

3

**result in sanctions against him**.

A request for an extension of any deadline set in this order must be filed as soon as the need is apparent, but in no event may it be filed after the expiration of the deadline in question; and the request must be supported by a showing of good cause. Fed. R. Civ. P. 16(b)(4).

**V.  CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants' motion to modify the scheduling order (ECF No. 32) is GRANTED; and
2. The scheduling order (ECF No. 23) is modified as set forth herein.

IT IS SO ORDERED.

Dated:   July 6, 2016                             /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE