UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTON L. TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARISHKUMAR PATEL, et al.,<br><br>　　　　　Defendants. | Case No.  1:14-cv-01754-DAD-MJS (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**<br><br>**(ECF No. 31)**<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Delton L. Taylor, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 10, 2014. (ECF No. 1.) This action proceeds on Plaintiff's first amended complaint, filed on February 23, 2015, against Defendants Harishkumar Patel and Richard Le for medical indifference in violation of the Eighth Amendment of the United States Constitution.  (ECF No. 9.)

　　　　Pending before the Court is Defendants' May 12, 2016 motion to compel

responses to Defendants' Special Interrogatories and requests for production of documents. (ECF No. 31.) To date, Plaintiff has not filed an opposition. The matter is submitted. Local Rule 230(l).

## I.  Procedural History

The Court issued a scheduling order in this case on September 30, 2015. (ECF No. 23.) The order set a discovery deadline of May 30, 2016 and a dispositive motion deadline of August 8, 2016. At Defendants' request, the Court issued an order modifying the scheduling order and extending the discovery deadline to September 1, 2016 and the dispositive motion deadline to November 8, 2016. (ECF No. 33.)

On October 1, 2015, Defendants propounded Requests for Production of Documents, Set One, to Plaintiff. Each Defendant also propounded Special Interrogatories, Set One, to Plaintiff. (Marquez Dec. ¶ 2 (ECF No. 31-1)) Plaintiff provided responses to each Defendant's special interrogatories and produced documents called for in Defendants' Request for Production of Documents, but to date has failed to provide the written response to each request for production required by Federal Rule of Civil Procedure 34(b)(2)(B).[1] Id. at ¶ 4.

On or about December 10, 2015, Defendants each propounded Special Interrogatories, Set Two to Plaintiff. Id. at ¶ 7. To date, Plaintiff has not responded. Id. On January 19, 2016, and February 12, 2016, Defendants sent Plaintiff a meet and confer letter regarding his failure to provide written responses to Defendants' production requests and Special Interrogatories, Set Two. Id. at ¶¶ 8, 9. Plaintiff has failed to respond. Id. at ¶ 10.

---

[1] Federal Rule of Civil procedure 34(b)(2)(B) requires responses to requests for the production of documents to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request." Alternatively, "[t]he responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection." Defendants state Plaintiff has not complied with this subsection, but also state Plaintiff produced documents responsive to their request. It is unclear to the Court whether Defendants seek relevant discovery that has been denied them, or merely seek technical compliance with the rule despite having been provided with the requested documents. To the extent Defendants seek the latter, they are advised that the Court will not grant further motions to compel absent a showing that the deficient responses have resulted in the denial of discoverable evidence.

2

Defendants filed the instant motion to compel on May 12, 2016. (ECF No. 31.)

## II.    Legal Standard

The discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir.1981).  Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1).   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii).  "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

Under Federal Rule of Civil Procedure 33(a)(1), "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  Further, a party may serve on any other party a request within the scope of Rule 26(b) to "produce and permit the requesting party or its representative to inspect, copy, test, or sample" any documents, electronically stored information, or tangible things "in the responding party's possession, custody or control."  Fed. R. Civ. P. 34(a)(1).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B).  The failure to timely object to a discovery request may be deemed a waiver of the objection. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan.

13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

**III.   Discussion**

Defendants seek responses to their requests for production of documents Nos. 2, 3, 4, 6, 7, and 8, which seek:

> (2) All documents that support your contention that defendant H. Patel, M.D. violated your civil or constitutional rights.
>
> (3) All documents that support your contention that you suffered injury or harm as a result of the purported acts or omissions by defendant H. Patel, M.D.
>
> (4) All medical records relating to your contention that defendant H. Patel, M.D. violated your civil or constitutional rights.
>
> (6) All documents that support your contention that defendant R. Le, M.D. violated your civil or constitutional rights.
>
> (7) All documents that support your contention that you suffered injury or harm as a result of the purported acts or omissions by defendant R. Le, M.D.
>
> (8) All medical records relating to your contention that defendant R. Le, M.D. violated your civil or constitutional rights. (ECF No. 31 at 5.)

Defendants also seek responses to Defendant Patel's Special Interrogatories, Set Two, Nos. 11, 12, and 13, which ask:

> (11) Please state each date that you contend that defendant Dr. Patel was deliberately indifferent to your medical needs.
>
> (12) For each date identified in Special Interrogatory No. 11, state all facts as to how defendant Dr. Patel was deliberately indifferent to your medical needs.
>
> (13) For each date identified in Special Interrogatory No. 11, identify the medical record that supports your contention that that defendant Dr. Patel was deliberately indifferent to your medical needs. (ECF No. 31 at 5-6.)

4

Finally, Defendants seek responses to Defendant Le's Special Interrogatories, Set Two, Nos. 11, 12, and 13, which ask.

> (11) Please state each date that you contend that defendant Dr. Le was deliberately indifferent to your medical needs.
>
> (12) For each date identified in Special Interrogatory No. 11, state all facts as to how defendant Dr. Le was deliberately indifferent to your medical needs.
>
> (13) For each date identified in Special Interrogatory No. 11, identify the medical record that supports your contention that that defendant Dr. Le was deliberately indifferent to your medical needs. (ECF No. 31 at 6.)

To date, Plaintiff has served neither responses nor objections to Defendants' requests, nor has he responded to Defendants' two efforts to meet and confer to try to resolve their discovery issues without Court intervention.

Defendants argue their discovery requests were timely served, and Plaintiff should be made to respond as the requests seek non-privileged information relevant to their defenses against Plaintiff's claims.

The Court agrees. Defendants' requests appear proper, and Plaintiff proffered no objections stating otherwise. Defendants' motion to compel will be granted. Within thirty days of the date of service of this order, Plaintiff must serve Defendants with responses to the above-mentioned discovery requests. If Plaintiff objects to any requests, he must state why. Plaintiff is further advised that failure to respond to Defendants' requests may result in sanctions pursuant to Federal Rule of Civil Procedure 37.

Should Defendants find any of Plaintiff's responses to be unsatisfactory, they may file another motion to compel with fourteen days of receipt of Plaintiff's responses, outlining which responses were insufficient and why.

## IV. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants' motion to compel (ECF No. 31) is GRANTED in full; and
2. Plaintiff must serve Defendants with responses to their discovery requests within thirty (30) days of this Court's order.

3.  Defendants must file any further motions to compel within fourteen (14) days of receipt of Plaintiff's responses.

IT IS SO ORDERED.

Dated: August 2, 2016         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE