UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTON L. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>HARISHKUMAR PATEL, et al.,<br><br>Defendants. | **CASE NO. 1:14-cv-01754-DAD-MJS (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 54)** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 16, 2017, the Court denied Plaintiff's March 17, 2017, motion to appoint counsel. (ECF Nos. 43; 47.) In that order, the Court concluded that even if it were assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional to warrant appointment of counsel, which is not constitutionally guaranteed in civil actions. (ECF No. 47 at 2.)

On October 5, 2017, Plaintiff filed a motion for reconsideration of the order denying motion for appointment of counsel. (ECF No. 54.) In the motion for reconsideration, Plaintiff repeats the same arguments offered in the initial motion for appointment of counsel. Specifically, Plaintiff asserts that he cannot afford counsel, that

he is not well-versed in the law, and that his case presents complex legal and factual issues requiring the appointment of counsel. (Id.) Plaintiff does not address the Court's order denying appointment, nor present reasons why that order is factually or legally incorrect. (Id.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting* Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. ' 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the

merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Id.

As stated above, Plaintiff's motion for reconsideration merely reiterates the arguments made in the initial motion. (ECF No. 54.) Plaintiff does not present new or different circumstances that require the Court to reconsider its prior order or find the initial order was legally incorrect. (Id.) The Court's review of the initial order finds that it presents sound reasoning for denial of the motion. Plaintiff's circumstances are not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (ECF No. 54) is DENIED.

IT IS SO ORDERED.

Dated:   October 10, 2017                      /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE