UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTON R. TAYLOR, | No. 1:14-cv-01754-DAD-MJS |
| Plaintiff, | |
| v. | TENTATIVE PRETRIAL ORDER |
| HARISHKUMAR PATEL, et al., | |
| Defendants. | |

On February 5, 2017, the court conducted a telephonic trial confirmation hearing. Plaintiff appeared *pro se*, and attorney Catherine Woodbridge appeared as counsel on behalf of defendants. Having considered the parties' pretrial statements, and having heard from the parties at that hearing, the court issues this tentative pre-trial order.

Plaintiff Delton R. Taylor, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983 against defendants Patel and Le for deliberate indifference to his serious medical need in violation of the Eighth Amendment of the United States Constitution. (Doc. No. 9).

I. JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343(a)(3). Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1441(a). Venue is not contested.

1

II. JURY

Both parties have demanded a jury trial. The jury will consist of seven jurors.

III. UNDISPUTED FACTS

1. Dr. Patel is a medical doctor in good standing with the California State Medical Board.
2. At all times relevant to this action, Dr. Patel was a physician and surgeon employed by California Department of Corrections and Rehabilitation at Wasco State Prison.
3. Dr. Le is a medical doctor in good standing with the California State Medical Board.
4. At all times relevant to this action, Dr. Le was a physician and surgeon employed by California Department of Corrections and Rehabilitation at Wasco State Prison.
5. Plaintiff is incarcerated at the California Department of Corrections and Rehabilitation and on October 18, 2013, was transferred to Wasco State Prison.
6. On October 30, 2013, plaintiff was seen by Dr. Soleimani for low back pain.
7. Plaintiff was referred for x-ray of the lumbar spine.
8. X-rays taken November 14, 2013, showed severe degenerative changes at L4-5 and L5-S1.
9. On November 25, 2013, Dr. Patel saw plaintiff for the first time.
10. Plaintiff reported chronic low back pain and a prior lumbar surgery in 2010.
11. Dr. Patel asked plaintiff about his medical history and symptoms.
12. Dr. Patel referred plaintiff for physical therapy and continued plaintiff's prescriptions for Tylenol 3 for Naproxen.
13. Dr. Patel ordered and reviewed plaintiff's past medical records
14. On January 3, 2014, plaintiff returned to see Dr. Patel and wanted stronger medication for pain control.
15. Dr. Patel notified plaintiff that he needed to perform a physical examination.

/////

| | | |
|---|---|---|
| 16. | Plaintiff had 8 sessions of physical therapy between January 21, 2014 and February 20, 2014. |
| 17. | Dr. Patel eventually discontinued all of plaintiff's medications except for Naproxen. |
| 18. | On February 1, 2014, Dr. Le was notified by nursing staff that plaintiff wanted stronger medication. |
| 19. | Dr. Le saw Plaintiff on one occasion: February 7, 2014. |
| 20. | On March 10, 2014, plaintiff was seen by Dr. Patel for an inmate health care appeal (602). |
| 21. | Plaintiff wanted referral to a spine specialist and stronger pain medication. |
| 22. | Dr. Patel agreed to prescribe different pain medication, but denied plaintiff's request to be seen by a spine specialist. |
| 23. | On March 28, 2014, plaintiff was transferred to Centinela State Prison. |
| 24. | Plaintiff was seen by Dr. Ortega on April 8, 2014. |
| 25. | Dr. Ortega tapered plaintiff's codeine to a lower dose and ordered non-narcotic therapy and physical therapy. |
| 26. | Dr. Ortega did not order MRI exam when he first saw plaintiff. |
| 27. | On April 11, 2014, following a repeat X-Ray ordered by Dr. Ortega, Dr. Ortega observed no change in findings from the prior films done on November 4, 2013. |
| 28. | On May 6, 2014, Dr. Ortega noted that plaintiff was complaining that his low back pain had become worse. |
| 29. | Dr. Ortega ordered a MRI study of plaintiff's lumbar spine, with follow up in 4 weeks. |
| 30. | The MRI done on May 19, 2014 showed desiccation (degeneration) at L3/4 L4/5 and L5/S1 with disc bulges at L2/3, L3/4, L4/5 and L5/S1 levels. |
| 31. | Pursuant to a request by the consulting neurosurgeon, a second MRI was done in August 2014, which used contrast to enhance the anatomy. |

/////

| | | |
|---|---|---|
| 1 | 32. | This MRI study was read by the radiologist as suggesting infection in the bone and |
| 2 | | disc at L4/5 level. |
| 3 | 33. | In his July 29, 2014 neurosurgery consultation, Dr. Yoo opined that it was unlikely |
| 4 | | plaintiff had an infection in his spine. |
| 5 | 34. | Plaintiff underwent spine surgery by Dr. Yoo in August 2014. |
| 6 | 35. | There was no infection discovered in plaintiff's spine. |
| 7 | 36. | Dr. Yoo performed a lumbar fusion of levels L4-L5. |
| 8 | 37. | Plaintiff continues to complain about back pain. |
| 9 | 38. | MRI studies post-surgery show no disc protrusion at L4-5. |

IV. DISPUTED FACTUAL ISSUES[1]

1. Whether, when plaintiff attempted to show Dr. Patel his Kern Medical Center records, Dr. Patel refused to look at them, and stated there was "nothing wrong" with plaintiff.
2. Whether plaintiff told Dr. Patel that his current pain medications were ineffective.
3. Whether Dr. Patel refused plaintiff's request for additional physical therapy.
4. Whether plaintiff refused to submit to a physical examination by Dr. Patel.
5. Whether Dr. Patel ever conducted a physical examination of plaintiff.
6. Whether plaintiff had any difficulty walking or any physical limitations when examined by Dr. Le.
7. Whether Dr. Le refused to look at plaintiff's medical records or x-ray.
8. Whether, while under the care of defendants, plaintiff's pain was adequately controlled by prescribed medication.
9. Whether, while under the care of defendants, an MRI or specialist referral was medically necessary based on plaintiff's symptoms.

/////

/////

---

[1] If the parties believe there are other disputed facts not listed here, the parties are directed to include those additional facts in their objections to this tentative pretrial order.

## V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* below. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

Plaintiff's Anticipated Motions in Limine

None.

Defendant's Anticipated Motions in Limine

1. Admissibility of testimony by plaintiff including, but not limited to, the type of treatment, rationale for treatment, and appropriateness of treatment.

## VI. SPECIAL FACTUAL INFORMATION

None.

## VII. RELIEF SOUGHT

Plaintiff seeks monetary damages.

## VIII. POINTS OF LAW

The claims and defenses arise under federal law. Plaintiff's claim is brought against both defendants.

1. The elements of, standards for, and burden of proof in an action alleging deliberate indifference under the Eighth Amendment.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX. ABANDONED ISSUES

None.

X. WITNESSES

The parties have submitted the following as witnesses:[2]

1. Plaintiff Taylor
2. Defendant Patel
3. Defendant Le
4. Dr. Bruce Barnett

Each party may call any witnesses listed above.

A. **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

   (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

   (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

   (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

   (2) The court and opposing parties were promptly notified upon discovery of the witness;

   (3) If time permitted, the party proffered the witness for deposition; and

---

[2] In his objections to this tentative pretrial order, plaintiff is directed to notify the court whether he wishes to call any witnesses in addition to those listed here and, if so, to provide the names of those proposed witnesses.

        (4)      If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff's Exhibits

1. Plaintiff's medical records[3]

Defendants' Exhibits

1. Declaration of Dr. Barnett in support of motion for summary judgment and accompanying exhibits;
2. Plaintiff's medical records dated October 30, 2013;
3. Plaintiff's medical records dated November 4, 2013;
4. Plaintiff's medical records dated November 25, 2013;
5. Plaintiff's medical records dated January 3, 2014;
6. Plaintiff's medical records dated January 21, 2014–February 20, 2014;
7. Plaintiff's medical records dated March 10, 2014;
8. Plaintiff's medical records dated April 8, 2014;
9. Plaintiff's medical records dated April 11, 2014;
10. Plaintiff's medical records dated May 6, 2014;
11. Plaintiff's medical records dated May 19, 2014;
12. Plaintiff's medical records dated July 1, 2014;
13. Plaintiff's medical records dated July 29, 2014;
14. Plaintiff's medical records dated August 12, 2014;
15. Plaintiff's medical records dated August 21-29, 2014.

At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the

---

[3] In his objections to this tentative pretrial order, plaintiff is directed to state or describe with particularity which medical records he intends to present as evidence at trial. To the extent plaintiff intends to use any other exhibits at trial, plaintiff should also include a list of those exhibits in his objections to this order.

parties are hereby directed to meet and confer for the purpose of designating joint exhibits. Plaintiff's exhibits shall be listed numerically and defendants' exhibits shall be listed alphabetically. All exhibits must be pre-marked. The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

    A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

        (1)    The exhibits could not reasonably have been discovered earlier;

        (2)    The court and the opposing parties were promptly informed of their existence;

/////

|   |   |   |
|---|---|---|
| | (3) | The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties |

XII. <u>DISCOVERY DOCUMENTS</u>

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff may use the following discovery documents at trial:

1. Plaintiff's deposition
2. Defendants' Response to Plaintiff's Special Interrogatories, Set One.
3. Defendants' Response to Plaintiff's Request for Production of Documents, Set One.

Defendants may use the following discovery documents at trial:

4. Plaintiff's deposition.

XIII. <u>FURTHER DISCOVERY OR MOTIONS</u>

None.

XIV. <u>STIPULATIONS</u>

The parties have stipulated that defendants were acting under color of law.

XV. <u>AMENDMENTS/DISMISSALS</u>

None.

XVI. <u>SETTLEMENT</u>

A settlement conference is now scheduled for **March 20, 2018** at 9:00 a.m. before Magistrate Judge Kendall J. Newman in the Sacramento Division of this court. The parties are directed to contact Magistrate Judge Newman's chambers to reschedule the settlement conference if they are unavailable on that date.

XVII. <u>JOINT STATEMENT OF THE CASE</u>

The parties have not agreed to a joint statement of the case. Defendants propose the following:

> Plaintiff alleges Dr. Patel and Dr. Le violated his civil rights under the Eighth Amendment. Dr. Patel and Dr. Le deny these allegations.

The court finds this proposed neutral statement of the case to be read to the prospective jurors prior to jury selection to be too succinct and would request that counsel propose a neutral statement with slightly more information regarding the nature of plaintiff's medical care claim.

XVIII. <u>SEPARATE TRIAL OF ISSUES</u>

    None.

XIX.   <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

    Plaintiff believes that appointment by the court of an impartial expert is advisable.

XX.    <u>ATTORNEYS' FEES</u>

    N/A

XXI.   <u>TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS</u>

    N/A

XXII.  <u>MISCELLANEOUS</u>

    N/A

XXIII. <u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

    Jury trial is set for **April 10, 2018**, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is expected to last four days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

    Counsel is to call Renee Gaumnitz, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. <u>PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS</u>

    The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of jury *voir dire*.

    The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to

/////

agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: **February 7, 2018**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE