UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTON L. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>HARISHKUMAR PATEL, *et al.*,<br><br>Defendants. | Case No. 1:14-cv-01754-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR POST-JUDGMENT RELIEF DUE TO LACK OF SUBJECT-MATTER JURISDICTON |

**I.   BACKGROUND**

Plaintiff, a state prisoner proceeding without counsel, brought a claim of deliberate indifference to serious medical needs under 42 U.S.C. § 1983.  The parties reached a settlement agreement, ECF No. 74, and defendants filed a stipulation and request for voluntary dismissal with prejudice under Rule 41.  ECF No. 75.  Accordingly, on March 20, 2018, the court closed this case.

**II.   PLAINTIFF'S MOTION**

On October 17, 2018, plaintiff moved for the court to compel "the California Department of Correction and Rehabilitation to comply with the Settlement Agreement Reached between both parties."  ECF No. 79 at 2.  In essence, plaintiff argues that defendants misrepresented the amount of restitution owed by plaintiff during the settlement negotiations and have thereby

1

contravened the agreement. *Id.*

On October 29, 2018, the court ordered defendants to respond to plaintiff's motion. ECF No. 80. On November 9, 2018, defendants responded, arguing that "[t]here is no legal basis to set aside the settlement agreement. The parties entered into the agreement in good faith." ECF No. 81 at 3. Specifically, defendants allege that, during the settlement conference, defendants provided plaintiff an estimate of the amount he owed in restitution, but informed him that this was merely an estimate—the final figure could be different. *Id.* at 2.

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "When a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends." *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) (citing *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995)). However, "[w]hen a court's order dismissing a case with prejudice incorporates the terms of a settlement agreement, the court retains ancillary jurisdiction to enforce the agreement because a breach of the incorporated agreement is a violation of the dismissal order." *Id.* (citing *Kokkonen*, 511 U.S. at 378).

Here, the court does not retain jurisdiction because the order dismissing the case, reproduced below in its entirety, did not incorporate the terms of the settlement agreement:

> On March 20, 2018, Defendants filed a Stipulation and Request for Voluntary Dismissal with Prejudice (Doc. 75 ) under Rule 41. In light of the joint voluntary dismissal, this action is terminated by operation of law without further order from the Court. Rule 41(a)(2)(A)(ii). This Court VACATES all pending dates and matters. The Clerk of the Court is directed to CLOSE THIS CASE.

ECF No. 76. Neither the order nor the stipulation that prompted it reference the settlement agreement. Because the court does not have subject matter jurisdiction, this case must be dismissed.

**IV.     FINDINGS AND RECOMMENDATION**

We recommend that plaintiff's motion, ECF No. 79, be dismissed for lack of subject matter jurisdiction.

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  The parties' failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     March 8, 2019                                         _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

No. 203.